IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-76,635-03




EX PARTE JECIA JAVETTE MOSS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20203A-86 IN THE 86TH DISTRICT COURT
FROM KAUFMAN COUNTY




            Per curiam.


O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and originally received five years’ deferred adjudication community supervision. Her guilt
was later adjudicated and she was sentenced to twelve years’ imprisonment. 
            Applicant contends that the trial court lacked jurisdiction to adjudicate her guilt, because the
motion to adjudicate was not filed and the pre-revocation warrant did not issue until after her period
of community supervision had expired. The last day of Applicant’s community supervision was
October 3, 2005. On that date, the trial court signed the State’s motion to adjudicate, containing an
order directing the district clerk to issue a capias for Applicant’s arrest. The motion to adjudicate
was apparently file-stamped on October 5, 2005, two days after the period of community supervision
had expired. There is no copy of the capias in the habeas record, but the trial court finds that the pre-revocation warrant was issued on October 6, 2005, and executed on October 28, 2005. The trial
court concludes that the motion to adjudicate was “filed” as of the date the court accepted the motion
for filing, despite the date on the file stamp. The trial court also concludes that the capias was
“issued” by the court’s act of signing the order directing the clerk to issue capias. We order that this
application be filed and set for submission to determine whether, when the trial court signs the
motion to adjudicate and directs the district clerk to issue capias within the period of community
supervision, but the motion is file-stamped by the clerk and the pre-revocation warrant issued after
the expiration of the period of community supervision, the trial court retains jurisdiction to proceed
to adjudication under Article 42.12, Section 5(h) of the Texas Code of Criminal Procedure. The
parties shall brief these issues.
            The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 60 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. All briefs shall be filed with this Court on or before July 15, 2014.
Filed: April 16, 2014
Do not publish